# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. FRANKLIN, CDCR # E-66269<br><br>Plaintiff,<br><br>vs.<br><br>J. JIMENEZ; HUGHEY; S. GARCIA; T. MOLINA; S. RAMOS; J. RODRIGUEZ; C. MACIEL,<br><br>Defendants. | Civil No. 11cv1240 JAH (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM PRISONER TRUST ACCOUNT [ECF No. 2];**<br><br>**AND**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a certified copy of his inmate trust account statement which the Court construes as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,

1  which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
2  are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
3  27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
4  2000) (§ 1915A).

5        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
6  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28
7  U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit
8  make and rule on its own motion to dismiss before directing that the Complaint be served by the
9  U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits,
10 but requires a district court to dismiss an in forma pauperis complaint that fails to state a
11 claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing
12 § 1915A).

13       "[W]hen determining whether a complaint states a claim, a court must accept as true all
14 allegations of material fact and must construe those facts in the light most favorable to the
15 plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194.

16       Plaintiff alleges several variations of a claim that he was denied adequate medical care
17 by prison officials.  Plaintiff alleges that he slipped and fell when trying to get onto the top bunk
18 in his cell.  (*See* Compl. at 9.)  Plaintiff was taken to the medical clinic where he was examined
19 and given pain medication, as well as a sling for his shoulder by Defendant Garcia.  (*Id.* at
20 10.)"The unnecessary and wanton infliction of pain upon incarcerated individuals under color
21 of law constitutes a violation of the Eighth Amendment."  *Toguchi v. Chung*, 391 F.3d 1051,
22 1056-57 (9th Cir. 2004) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).  A
23 violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to
24 a prisoner's  medical needs.  *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

25       To allege an Eighth Amendment violation, a prisoner must  "satisfy both the objective
26 and subjective components of a two-part test."  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir.
27 2002) (citation omitted).  First, he must allege that prison officials deprived him of the "minimal
28 civilized measure of life's necessities."  *Id.* (citation omitted).  Second, he must allege the prison

1  official "acted with deliberate indifference in doing so." *Id.* (citation and internal quotation
2  marks omitted).

3        A prison official acts with "deliberate indifference ... only if [he is alleged to] know[] of
4  and disregard[] an excessive risk to inmate health and safety." *Gibson v. County of Washoe,*
5  *Nevada*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citation and internal quotation marks omitted).
6  Under this standard, the official must be alleged to "be aware of facts from which the inference
7  could be drawn that a substantial risk of serious harm exist[ed]," and must also be alleged to
8  also have drawn that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "If a [prison
9  official] should have been aware of the risk, but was not, then the [official] has not violated the
10 Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation
11 omitted). This "subjective approach" focuses only "on what a defendant's mental attitude
12 actually was." *Farmer*, 511 U.S. at 839. "Mere negligence in diagnosing or treating a medical
13 condition, without more, does not violate a prisoner's Eighth Amendment rights." *McGuckin*,
14 974 F.2d at 1059 (alteration and citation omitted).

15        Here it is not clear why Plaintiff is seeking to hold Defendant Garcia liable. It appears
16 that Defendant Garcia treated Plaintiff's medical complaints, gave him a sling and provided pain
17 medication. (*See* Compl. at 10.) As to Defendant Molina, he claims that Molina told other
18 Defendants that there was "nothing wrong with Plaintiff." (*Id.*) A mere "difference of medical
19 opinion" between a prisoner and his physicians concerning the appropriate course of treatment
20 is "insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*,
21 90 F.3d 330, 332 (9th Cir. 1996). Instead, to allege deliberate indifference regarding choices
22 between alternative courses of treatment, a prisoner must allege that the chosen course of
23 treatment "was medically unacceptable under the circumstances," and was chosen "in conscious
24 disregard of an excessive risk to [the prisoner's] health." *Id.* (citation omitted). Plaintiff has
25 failed to allege any facts from which the Court could find that any of the named Defendants
26 acted with deliberate indifference to his serious medical needs.

27 / / /

28 / / /

Plaintiff claims, with very little factual allegations, that several of the named Defendants retaliated against him because in "March 2007 plaintiff brought suit against 13 employees at Calipatria state prison." (Compl. at 4.) In order to prevail on a claim of retaliation, Plaintiff must be able to prove the following five factors: "(1) An assertion that a state actor took some adverse action against [Plaintiff]; (2) because of (3) [Plaintiff's] protected conduct, and that such action (4) chilled [Plaintiff's] exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *See Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005). (citing *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam)).

Plaintiff makes no connection between this lawsuit that he brought in 2007 and the actions allegedly taken by Defendants. For example, Plaintiff alleges in 2009 Defendant Ramos ordered Plaintiff to use the top bunk. (*See* Compl. at 9.) Plaintiff acknowledges that his cellmate had a lower bunk chrono but Plaintiff did not. (*Id.* at 9-10.) Plaintiff has alleged no facts to suggest that the actions of Defendants did not reasonably advance a legitimate correctional goal nor does Plaintiff allege any facts to show that his First Amendment rights were "chilled." Plaintiff's claims that the actions by Defendants were directly related to the filing of a lawsuit two years prior simply does not contain enough facts for the Court to link the actions. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, the Court must sua sponte dismiss Plaintiff's retaliation claims for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

Finally, Plaintiff claims that his due process rights were violated when he was found guilty of a disciplinary infraction and he lost thirty (30) days of good time credits. (*See* Compl. at 14.) As currently pleaded, Plaintiff's claims must be dismissed because they are premature under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Constitutional claims involving a prison's disciplinary or administrative decisions to revoke good-time credits are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1)

1   since habeas corpus is the exclusive federal remedy whenever the claim for damages depends
2   on a determination that a disciplinary judgment is invalid or the sentence currently being served
3   is unconstitutionally long. *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S.
4   at 486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

5         In order to state a claim for damages under section 1983 based on these allegations under
6   *Heck* and *Edwards*, however, Plaintiff must allege facts in his Complaint sufficient to show that
7   Defendants' decision to remove his credits has already been "reversed on direct appeal,
8   expunged by executive order, declared invalid by a state tribunal authorized to make such a
9   determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.
10  Plaintiff has failed to do so; therefore, he must sufficiently amend his Complaint to provide such
11  a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*

12        Even if Plaintiff were able to overcome the *Heck* bar, he has failed to state a Fourteenth
13  Amendment due process claim. "The requirements of procedural due process apply only to the
14  deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and
15  property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison
16  regulations may grant prisoners liberty interests sufficient to invoke due process protections.
17  *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly
18  limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515
19  U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the
20  Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and
21  significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations
22  omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

23        In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution
24  because he has not alleged, as he must under *Sandin*, facts related to the conditions or
25  consequences of disciplinary conviction which show "the type of atypical, significant
26  deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in
27  *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff
28  possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus

discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

///

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D.CAL.CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED: October 3, 2011

**HON. JOHN A. HOUSTON**
United States District Judge