# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. FRANKLIN,<br>CDCR # E-66269<br><br>                              Plaintiff,<br><br>vs.<br><br>J. JIMENEZ; HUGHEY; S. GARCIA;<br>T. MOLINA; S. RAMOS; J. RODRIGUEZ;<br>C. MACIEL,<br><br>                              Defendants. | Civil No.   11cv1240 JAH (BGS)<br><br>**ORDER DISMISSING FIRST<br>AMENDED COMPLAINT FOR<br>FAILING TO STATE A CLAIM<br>PURSUANT TO 28 U.S.C.<br>§§ 1915(e)(2)(B)   & 1915A(b)** |

### I.    PROCEDURAL HISTORY

On June 6, 2011, Plaintiff, a state inmate currently incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.   Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a certified copy of his inmate trust account statement which the Court construed as a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

On October 4, 2011, the Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)((B) & 1915A(b). *See* Oct. 4, 2011 Order

at 7-8. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* On November 21, 2011, Plaintiff filed his First Amended Complaint ("FAC").

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in the previous Order, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194.

/ / /

/ / /

**A.     Retaliation claims**

Plaintiff alleges that Defendants began acts of retaliation against him because he served them with a civil suit in July of 2007.  (*See* FAC at 4.)   Of fundamental import to prisoners are their First Amendment "right[s] to file prison grievances," *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003), and to "pursue civil rights litigation in the courts." *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995).  Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.  *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).  "And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.* (citing *Pratt v. Rowland*, 65 F.3d 802, 806 & n.4 (9th Cir. 1995)).

"[A] viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567-68 (footnote omitted) (citing *Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994)).

Plaintiff sets forth a series of factual allegations that provide very little detail, including failing to link any of the named Defendants to specific allegations of acts of retaliation.[1] Plaintiff also claims that Defendants were served with a summons in 2007 that started this acts of retaliation.  A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  The Court takes judicial notice of the case filed by Plaintiff that he refers to in his First Amended Complaint.  Plaintiff filed *Franklin v. Scribner, et al.*, S.D. Cal. Civil Case

---

[1] Plaintiff does refer to a Defendant named "Trujillo" who is not named in the caption of the First Amended Complaint or the list of Defendants on the first three pages of the First Amended Complaint.  Thus, it is not clear to the Court whether Plaintiff is attempting to name Trujillo as a Defendant in this matter.

1  No. 07cv0438 WVG (RBB) on March 8, 2007.  A review of the Court's docket shows that the
2  Defendants in that particular case were served with Plaintiff's action in July of 2007.  However,
3  none of the Defendants, with the exception of Defendant Maciel, named in the 2007 action are
4  named in this action currently before the Court.  There are no allegations that would link the
5  Defendants named in this case to the knowledge of a case that Plaintiff filed in 2007.  Moreover,
6  there are no specific allegations as to how Defendant Macial retaliated against Plaintiff for
7  initiating the 2007 lawsuit.

8       Plaintiff's allegations are broad and vague.  As stated in the Court's previous Order,
9  Plaintiff has failed to provide sufficient factual allegations to meet any of the five factors
10 required to state a retaliation claims.  *See Rhodes*, 408 F.3d at 567-68; *see also Ashcroft v. Iqbal*,
11 __ U.S. __, 129 S.Ct. 1937 (2009) ("A claim has facial plausibility when the plaintiff pleads
12 factual content that allows the court to draw the reasonable inference that the defendant is liable
13 for the misconduct alleged.").  Therefore, the Court must, once again, sua sponte dismiss
14 Plaintiff's retaliation claims for failing to state a claim upon which relief can be granted pursuant
15 to 28 U.S.C. § 1915(e)(2) and 1915A(b).

16     **B.**    **Due Process violations**

17      Once again, Plaintiff claims that his due process rights were violated when he was found
18 guilty of a disciplinary infraction and he lost thirty (30) days of good time credits.  (*See* FAC at
19 10) As currently pleaded, Plaintiff's claims must be dismissed because they are premature under
20 the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Constitutional claims
21 involving a prison's disciplinary or administrative decisions to revoke good-time credits are
22 subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) since
23 habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a
24 determination that a disciplinary judgment is invalid or the sentence currently being served is
25 unconstitutionally long.  *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at
26 486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

27      In order to state a claim for damages under section 1983 based on these allegations under
28 *Heck* and *Edwards*, however, Plaintiff must allege facts in his First Amended Complaint

sufficient to show that Defendants' decision to remove his credits has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  Plaintiff has failed to do so; therefore, he must sufficiently amend his First Amended Complaint to provide such a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*  Because Plaintiff has been previous informed of this deficiency, if Plaintiff fails to provide allegations sufficient to overcome the *Heck* bar, these claims will be dismissed without leave to amend.

Even if Plaintiff were able to overcome the *Heck* bar, he has failed to state a Fourteenth Amendment due process claim.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of disciplinary conviction which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486.  For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of

whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief could be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D.CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in

the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of the Court is directed to mail a form civil rights Complaint to Plaintiff.

DATED: January 27, 2012

JOHN A. HOUSTON
United States District Judge