UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. FRANKLIN,<br><br>             Plaintiff,<br>v.<br><br>J. JIMENEZ, *et. al.*,<br><br>             Defendants. | Civil No. 11cv1240 JAH (BGS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION TO DISMISS**<br>[Doc. Nos. 29, 38] |

## BACKGROUND

On June 6, 2011, Plaintiff, a state prisoner appearing *pro se*, filed a complaint pursuant to 42 U.S.C. section 1983. Finding the complaint failed to state a claim upon which relief can be granted, the Court dismissed the complaint pursuant to 28 U.S.C section 1915, granted Plaintiff's motion to proceed *in forma pauperis* and provided Plaintiff 45 days to file a First Amended Complaint. Plaintiff filed a First Amended Complaint on November 21, 2011. Finding Plaintiff again failed to state a claim upon which relief can be granted, the Court, in an order dated January 27, 2012, dismissed the complaint and provided Plaintiff 45 days to file a Second Amended Complaint which cured the deficiencies noted.

On February 21, 2013, Plaintiff filed a motion to reopen his case which this Court denied. Plaintiff appealed the order, and the Ninth Circuit reversed the dismissal and remanded the action to allow Plaintiff an opportunity to file a Second Amended Complaint. Plaintiff filed a Second Amended Complaint on March 20, 2015. In his

complaint, Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights when they forced him to use an upper bunk even though he had a bottom bunk chrono which caused him unnecessary pain and suffering (count 1); retaliation by Officer C. Maciel (count 2); and retaliation by Lieutenant Jimenez (count 3). He names J. Jimenez, S. Garcia, T. Molina, S. Ramos, L. Hugley and C. Maciel as defendants.

On August 7, 2015, Defendants filed the pending motion to dismiss seeking dismissal of count 3 of the Second Amended Complaint. Plaintiff filed an opposition to the motion on November 27, 2015. On December 10, 2015, the Honorable Bernard G. Skomal, United States Magistrate Judge, issued a report and recommendation ("Report") recommending this Court deny Defendants' motion to dismiss. Objections to the Report were due by December 31, 2015. Neither party filed objections.

After careful consideration of the pleadings and the parties' submissions, and for the reasons set forth below, this Court ADOPTS the magistrate judge's Report and DENIES Defendants' motions to dismiss.

## DISCUSSION

### I. Legal Standard

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the court "shall make a *de novo* determination of those portions of the report...to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests. See FED.R.CIV. P. 72(b). It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. See Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

//

II. Analysis

Defendants move to dismiss count 3 of Plaintiff's Second Amended Complaint which alleges retaliation by Defendant Jimenez. They argue the claim is barred because the Court previously dismissed the claim with prejudice. They further argue the claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a judgment in Plaintiff's favor would necessarily imply the invalidity of a disciplinary conviction. Plaintiff argues Heck does not bar his claim because any loss of credit or good time credits will not effect his sentence of life without the possibility of parole.

Upon finding the Court did not previously dismiss the claim with prejudice and Defendants fail to demonstrate the losses experienced by Plaintiff as a result of the disciplinary hearing will not affect the length of Plaintiff's confinement, Judge Skomal recommends the Court deny Defendants' motion to dismiss.

This Court received no objections to the Report. The Court conducted a *de novo* review, independently reviewing the Report and all relevant papers submitted by the parties, and finds the Report provides a cogent analysis of the issues presented in the motion.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED**:

1. The findings and conclusions of the magistrate judge presented in the Report are **ADOPTED in their entirety**;
2. Defendants' motion to dismiss is **DENIED**.

Dated:       February 5, 2016

JOHN A. HOUSTON
United States District Judge