UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GREGORY A. FRANKLIN, | Civil No. | 11cv1240 JAH (BGS) |
|---|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** | |
| v. | | |
| J. JIMENEZ, *et al.*, | | |
| Defendants. | **[ECF No. 52.]** | |

## I.   INTRODUCTION

On May 31, 2016, *nunc pro tunc* to May 26, 2016, Plaintiff *pro se* filed a motion for Preliminary Injunction. [ECF No. 52.] After considering Plaintiff's motion and exhibits in support, **IT IS RECOMMENDED** that Plaintiff's motion for a preliminary injunction against non-party California State Prison, Los Angeles County, where he is currently incarcerated, be **DENIED** for lack of standing and lack of jurisdiction over California State Prison, Los Angeles County.

## II. STANDARD OF REVIEW

In order to demonstrate the need for preliminary injunctive relief, a party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009) (quoting *Winter v. NRDC, Inc.*, 55 U.S. 7, 129 S.Ct. 365, 374 (2008)).

### III. DISCUSSION

Plaintiff's motion seeks to have the Court order the California State Prison in Lancaster to stop delaying, destroying, taking or withholding his legal mail. [ECF No. 52 at pp.1-2.] However, the instant lawsuit, which alleges retaliation against Plaintiff by officers Ramos, Hughey, Maciel and Jimenez as well as nurses Garcia and Molina - all of whom work at Calipatria State Prison ("Calipatria") in Calipatria - does not give the Court jurisdiction over a different prison or different prison officials in general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The California State Prison in Lancaster is not a Defendant here. Because the Court's jurisdiction is limited to the parties in this action (officers and nurses at Calipatria) and to the retaliation claims upon which this action is predicated, Plaintiff's motion must fail and cannot proceed on the merits for lack of jurisdiction over California State Prison. *Id.*

Moreover, Plaintiff has also failed to establish he is likely to succeed on the merits of the requested injunctive relief because he lacks standing to bring an access to courts/interference with legal mail claim in this action. Specifically, to the extent Plaintiff is seeking a court order directing California State Prison to stop mishandling his legal mail, he must first establish standing for each form of relief sought in federal court. *Mayfield*, 599 F.3d at 969. This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; *it must be fairly traceable to challenged conduct of the defendant*; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969. However, the injunctive relief requested by Plaintiff is <u>not related</u> to the underlying retaliation, deliberate indifference and due process claims he has alleged against defendants at a totally different institution. (*See* Second Amended Complaint, ECF No.

21.) Since the relief sought would not remedy the violation of the Federal rights at issue in the present action, the Court cannot grant the requested relief and Plaintiff's request for a court order enjoining the California State Prison from interference with legal mail is denied.[1]

Finally, the Court notes that since he has been at California State Prison, Plaintiff has been able to mail and file a Second Amended Complaint, several extension requests which were granted, an opposition to a motion to dismiss, a motion for discovery and a motion for summary judgment. (ECF Nos. 19, 21, 32, 34, 36, & 43.) Therefore, it appears Plaintiff has been able to successfully mail his legal submissions to this Court despite the alleged disappearance of an order in 2012 and briefing schedules dated March 10, 2016 and March 28, 2016. (*See* Plaintiff's motion, ECF No. 52. at p. 6.) It should also be noted that the Court re-sent a copy of the briefing schedules to Plaintiff once it was notified that he did not receive the documents. (ECF No. 50 - Order Granting Motion for Copy of Briefing Schedule.) Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**.

## IV.   CONCLUSION

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. section 636(b)(1). Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**.

**IT IS ORDERED** that no later than **August 19, 2016** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///

///

///

---

[1] To the extent Plaintiff may or may not have an access-to-courts claim against individuals at the California State Prison, in Lancaster, he would have to bring those claims in a separate action after he properly exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e.

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **August 26, 2016**.

DATED: August 9, 2016

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court