UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GREGORY FRANKLIN,

                                        Plaintiff,

v.

J. JIMINEZ, *et. al*.,

                                        Defendant.

Case No.:  11cv01240 JAH - BGS

**ORDER ADOPTING THE REPORTS; OVERRULING PLAINTIFF'S OBJECTIONS; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINRY INJUNCTION [Doc. Nos. 43, 52, 57, 58, 60, 61]**

**INTRODUCTION**

Pending before the Court are Plaintiff's motion for summary judgment (Doc. No. 43), Plaintiff's request for a preliminary injunction (Doc No. 52), Defendants' cross-motion for summary judgment (Doc. No. 57), and Plaintiff's motion for leave to amend (Doc. No. 60).  The Honorable Bernard G. Skomal, United States Magistrate Judge, issued a report and recommendation ("Report") recommending the Court deny the motion for a preliminary injunction (Doc. No. 58), and a separate Report recommending the Court grant

1

Defendant's motion for summary judgment, deny Plaintiff's motion for summary judgment and deny Plaintiff's motion for leave to amend (Doc. No. 61).  After careful consideration of the pleadings and the parties' submissions, and for the reasons set forth below, this Court ADOPTS the magistrate judge's Reports, and GRANTS Defendants' motion for summary judgment, DENIES Plaintiff's motion for summary judgment, DENIES Plaintiff's motion for leave to amend and DENIES Plaintiff's motion for a preliminary injunction,.

**BACKGROUND**

On June 6, 2011, Plaintiff, a state prisoner appearing *pro se*, filed a complaint pursuant to 42 U.S.C. section 1983.  Finding the complaint failed to state a claim upon which relief can be granted, the Court dismissed the complaint pursuant to 28 U.S.C section 1915, granted Plaintiff's motion to proceed *in forma pauperis* and provided Plaintiff 45 days to file a First Amended Complaint.   Plaintiff filed a First Amended Complaint on November 21, 2011.  Finding Plaintiff again failed to state a claim upon which relief can be granted, the Court, in an order dated January 27, 2012, dismissed the First Amended Complaint and provided Plaintiff 45 days to file a Second Amended Complaint which cured the deficiencies noted.  Plaintiff did not file a Second Amended Complaint and the Court dismissed the action.

On February 21, 2013, Plaintiff filed a motion to reopen his case which this Court denied.  Plaintiff appealed the order, and the Ninth Circuit reversed the dismissal and remanded the action to allow Plaintiff an opportunity to file a Second Amended Complaint.  Plaintiff filed a Second Amended Complaint ("SAC") on March 20, 2015.   In his complaint, Plaintiff alleges Defendants (1) violated his Eighth and Fourteenth Amendment rights when they forced him to use an upper bunk which caused him unnecessary pain and suffering; (2) Officer Maciel violated his First, Eighth and Fourteenth Amendment rights by failing to deliver a package to Plaintiff; and (3) Lieutenant Jimenez violated Plaintiff's First and Fourteenth Amendment rights when he found Plaintiff guilty of a rules violation. He names J. Jimenez, S. Garcia, T. Molina, S. Ramos, L. Hugley and C. Maciel as defendants.

On August 7, 2015, Defendants filed a motion seeking dismissal of count 3 of the Second Amended Complaint.  On December 10, 2015, the Honorable Bernard G. Skomal, United States Magistrate Judge, issued a Report recommending this Court deny Defendants' motion to dismiss.  This Court adopted the Report and denied Defendants' motion to dismiss.  Defendant filed an answer to the SAC on March 4, 2016.

On March 18, 2016, Plaintiff filed a motion for summary judgment and filed a request for a preliminary injunction on May 31, 2016.  Defendants filed an opposition to the request for a preliminary injunction.  Plaintiff did not file a reply.  Judge Skomal issued a Report recommending this Court deny Plaintiff's request for a preliminary injunction.  No objections were filed.

On August 5, 2016, Defendants file an opposition and cross motion for summary judgment.  Plaintiff filed a motion for leave to amend on August 29, 2016.  Judge Skomal issued a Report recommending the Court deny Plaintiff's motion for summary judgment and Plaintiff's motion for leave to amend and grant Defendants' motion for summary judgment.  Thereafter, Plaintiff filed a reply to the motion for summary judgment and objections to the Report.  Defendants' filed a reply to Plaintiff's objection.

## LEGAL STANDARD

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1).  Under this statute, the court "shall make a *de novo* determination of those portions of the report...to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  Id.  The party objecting to the magistrate judge's findings and recommendation bears the responsibility of specifically setting forth which of the magistrate judge's findings the party contests.  See Fed.R.Civ. P. 72(b).  It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous.  See Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

//

**DISCUSSION**

**I. Motions for Summary Judgment**

Plaintiff argues the uncontested facts show Defendants violated his First, Eighth and Fourteenth Amendment rights.

Defendants argue they are entitled to summary judgment on all Plaintiff's causes of action.

**A. Magistrate Judge's Recommendation**

In the Report, Judge Skomal addressed the parties' proffered evidence as to Plaintiff's causes of action, and provided a thorough analysis as to each cause of action. With regard to the first cause of action, in which Plaintiff seeks relief under the First Amendment for retaliation, Judge Skomal found Plaintiff did not proffer evidence demonstrating an adverse action or a causal link between the bunk assignment in September 2009, and the complaint Plaintiff filed two years earlier. Judge Skomal determined the evidence submitted by the parties demonstrates Defendants Hughey and Molina had a legitimate correctional purpose in switching Plaintiff's bunk assignment upon the arrival of another inmate with a medical accommodation chrono for a lower bunk, and, therefore, Defendants are entitled to summary judgment on Plaintiff's retaliation claim under the First Amendment.

Plaintiff also asserts an Eighth Amendment deliberate indifference claim in his first cause of action. Judge Skomal determined the evidence did not demonstrate knowledge of a serious or excessive health risk on behalf of Defendants or disregard of a risk. The Report recommends this Court grant Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment claim for deliberate indifference against Defendants Hughey and Molina.

Plaintiff's second cause of action alleges Defendant Maciel violated Plaintiff's rights when he failed to deliver Plaintiff's quarterly package. Judge Skomal found Plaintiff submitted no evidence showing the exercise of his First Amendment right, the filing of the July 2007 complaint, was a motivating factor behind Defendant's Maciel's conduct, rather

4

than Plaintiff's ineligibility to receive quarterly packages based upon his C-status privilege group.  Judge Skomal recommends the Court grant Defendants' motion as to the retaliation claim against Defendant Maciel.  Additionally, Judge Skomal found Plaintiff failed to show a serious deprivation to support his Eighth Amendment deliberate indifference claim and failed to show Defendant Maciel acted with deliberate indifference when Plaintiff received the package within a month after he was taken off of C-status.  Judge Skomal also determined Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment claim, as a matter of law, because there is no evidence Plaintiff pursued the state law remedy available to him before asserting his constitutional claim.  Furthermore, Judge Skomal found the evidence demonstrated the return and reshipment of Plaintiff's quarterly package resulted in a temporary deprivation of personal property which is not a cognizable due process violation, and therefore, Defendants are entitled to summary judgment on the second cause of action.

Judge Skomal also determined Defendants are entitled to summary judgment as to Plaintiff's third cause of action in which he alleges Defendant Jimenez violated his First and Fourteenth Amendment rights.  Judge Skomal found the evidence failed to show Defendant Jimenez's conduct in finding Plaintiff guilty for a rules violation was substantially motivated by Plaintiff's July 2007 complaint, and not the discovery of contraband in Plaintiff's shared cell.   Additionally, Judge Skomal found evidence introduced at the hearing supported Defendant Jimenez's guilty finding despite testimony that Plaintiff had no knowledge of the contraband.  Judge Skomal recommends the Court grant Defendants' motion for summary judgment as to this cause of action.

Finally, Relying on <u>Columbia Steel Fabricators, Inc. v. Ahlstrom</u> Rcovery, 44 F.3d 800 (9th Cir. 1995), Judge Skomal found the controlling issues for unserved Defendants Garcia and Ramos are the same as Defendants Molina and Hughey addressed in the Report, and therefore, Judge Skomal recommends the Court find the unserved Defendants are entitled to summary judgment.

//

11cv01240 JAH - BGS

**B. Objections**

Plaintiff filed objections to the Report.  He contends the magistrate judge was not provided all the facts and he objects to the findings and recommendations.  Defendants filed a reply to Plaintiff's objections in which they argue, with the exception of the objection to the retaliation claim in the first cause of action, Plaintiff's objections are the same arguments he made in his motion and opposition to their motion.

**1.  First Cause of Action**

Plaintiff maintains the inmate who had the bottom bunk chrono requiring his move to the top bunk, Rideau, was not new but had been at the facility for a year and there was no evidence that Plaintiff had no cellmate at the time Rideau was moved into his cell.  He maintains he submitted a grievance in which he was told his cellmate had to be moved to place Rideau in the cell with him.  He argues Defendant Hughey's self-serving declaration is the only evidence submitted by Defendants that Plaintiff had an empty bed in his cell.  Additionally, Plaintiff maintains he demonstrated he suffered from a severe shoulder injury that later required surgery and the prison's Comprehensive Accommodation Chrono requires a bottom bunk chrono when there is severe weakness of upper or lower body extremities and severe orthopedic conditions which are unduly painful.  Plaintiff further maintains Defendant Molina's sworn statement that she did not examine Plaintiff is not true.

Defendants argue the fact Rideau was not a new inmate is a nonissue because the failure of Plaintiff's retaliation claim is not predicated on Rideau's history but Plaintiff's lack of entitlement to a lower bunk.

Although there is a dispute as to the facts surrounding the retaliation claim, namely, whether Plaintiff had a cellmate when they moved Rideau into his cell and whether Defendant Molina examined him, the disputed facts are not material to the issue of whether Defendants engaged in retaliation.  The undisputed facts demonstrate Plaintiff filed a complaint against numerous employees of Calipatria State Prison which was served on the defendants named in that complaint throughout the month of July 2007.  Plaintiff was the

6

subject of a rules violation for covering his light in his cell on July 16, 2007, for which he was assessed sanctions, when others were permitted to cover their lights.  He was the subject of another rules violation report on August 11, 2007. in which he was ultimately found not guilty.  Plaintiff was seen by medical personnel on August 19, 2009, complaining of pain to his shoulder, and it was noted he needed a visit with a doctor before getting a lower bunk chrono.  On September 4, 2009, Plaintiff was again seen by medical personnel complaining of an injured shoulder and ankle for which he was provided medication but no lower bunk chrono. On September 5, 2009, when Rideau was moved into his cell, Plaintiff was told to take the upper bunk despite complaining about his shoulder and ankle. Upon moving to the upper bunk, he fell and injured himself.  After being evaluated by medical staff, Plaintiff was returned to the cell and forced to use the upper bunk until he later received his lower bunk chrono.

To prevail on a claim for retaliation, a plaintiff must demonstrate (1) a state actor took some adverse action against him or her; (2) because of (3) the prisoner's protected conduct and such action (4) chilled the prisoner's exercise of his or her First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004).  To satisfy the causation element of a First Amendment retaliation claim, Plaintiff must show that "his protected conduct was the substantial or motivating factor behind the defendant's conduct."  Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).

The Court finds there may be a question of fact as to whether Defendants took an adverse action when they moved Rideau to Plaintiff's cell even though there were other cells available to move Rideau given Plaintiff's medical complaints.  However, Plaintiff fails to provide sufficient evidence demonstrating Defendants' conduct was in retaliation for the filing of a lawsuit two years prior.  The Court agrees with Judge Skomal's finding that the evidence demonstrates Defendants had a legitimate purpose in moving Plaintiff to the top bunk.

7

The Court also agrees with Judge Skomal's determination that Defendants Hughey and Molina were not deliberately indifferent to Plaintiff's serious medical needs.  The undisputed evidence demonstrates Plaintiff did not have a lower bunk chrono on September 5, 2009, and although he was seen for an injured shoulder and ankle on September 4, 2009, the records did not indicate a lower bunk chrono was recommended or that Plaintiff was referred to a doctor.  Additionally, as noted by Judge Skomal, Defendant Hughey called the prison's medical facility to investigate whether Plaintiff had a lower bunk chrono and was informed by Defendant Molina that he did not.  The undisputed evidence does not demonstrate Defendants deliberately disregarded a known risk of harm to Plaintiff.

Accordingly, the Court OVERRULES Plaintiff's objections to the first cause of action and adopts the magistrate judge's findings and conclusions.

**2. Second Cause of Action**

In his objection to the magistrate judge's findings as to his second cause of action, Plaintiff contends he provided sufficient evidence contradicting Defendant Maciel's account of the taking of Plaintiff's package and argues Defendant Maciel's conduct was motivated by retaliation.  The undisputed evidence demonstrates Plaintiff was placed on C-status from September 18, 2007 through October 16, 2007, during which he was unable to receive quarterly packages.  A quarterly package arrived on September 19, 2007, that Plaintiff did not receive.  As part of his duties, Defendant Maciel distributed and returned packages to and from the A-yard to the prison mail room, but was not responsible for mailing return packages.  In response to Plaintiffs' 602 form dated October 10, 2007, in which he requests his package, Defendant Maciel states it was delivered to A yard but he cannot explain what happened to the package.   Defendant Maciel completed an unauthorized package form and provided it to Plaintiff on October 14, 2007.

Plaintiff also presents a typed written notice purportedly from the vendor noting it sent a replacement package to Plaintiff on October 16, 2007, but the package was returned. Neither Defendants nor Judge Skomal address this disputed evidence.  However, even assuming a package was received after Plaintiff was no longer on C-status, Plaintiff still

fails to demonstrate that Defendant Maciel was the individual who returned the package and, more significantly, fails to demonstrate Plaintiff's July 2007 complaint was a substantial motivating factor causing Defendant Maciel to fail to deliver the package in October 2007.

Plaintiff does not specifically object to the magistrate judge's findings and conclusions as to the Eighth Amendment deliberate indifference claim and Fourteenth Amendment due process claim surrounding the quarterly package. Upon a review of the record, the Court finds Judge Skomal presents a cogent analysis of the claims. Specifically, the Court agrees that Plaintiff fails to show a serious deprivation when he received his package a month later. The Court also agrees Plaintiff fails to demonstrate he pursued the state law remedy available to him before asserting his due process claim. Additionally, the Court agrees the evidence demonstrate the deprivation resulting from the return and reshipment of Plaintiff's package constituted a temporary deprivation which is not a cognizable due process violation.

Therefore, the Court OVERRULES Plaintiff's objections and adopts the findings and conclusions as to this cause of action.

**3. Third Cause of Action**

Plaintiff objects to Judge Skomal's findings and recommendation addressing his third cause of action. He argues the evidence demonstrates Defendant Jimenez's findings for the rules violations were retaliatory when Defendant made a comment about Plaintiff's lawsuit, and the guilty finding was arbitrary because the cell phone battery was found with Plaintiff's cellmate's belongings, and the cellmate admitted the battery was his and explained Plaintiff did not know about the battery. Plaintiff essentially disagrees with the magistrate judge's findings and conclusions.

The record supports the magistrate judge's findings and recommendation as to this cause of action. The Court agrees with Judge Skomal's finding that Plaintiff fails to show Defendant Jimenez's guilty finding was substantially motivated by Plaintiff's complaint filed two years earlier in which Defendant Jimenez was not a named defendant. The Court

also agrees with Judge Skomal's determination that Plaintiff received advanced written notice of the disciplinary proceedings, he had an opportunity to call witnesses and did call a witness, and Defendant Jimenez added his findings to his report.  Additionally, the Court agrees there was evidence introduced at the hearing to support Defendant Jimenez's findings.  As such, Plaintiff's objections are OVERRULED and the Court adopts the magistrate judge's findings and conclusions.

The Court also agrees with Judge Skomal's determination that the controlling issues for the unserved defendants are the same as those for Molina and Hughey addressed above. Accordingly, the Court finds the unserved defendants are entitled to summary judgment.

## II.  Plaintiff's Motion for Leave to Amend

Judge Skomal recommends the Court deny Plaintiff's request to amend his complaint to provide for the proper defendant he mistakenly named as S. Ramos based upon futility of amendment and undue prejudice.  In light of the Court's determination that Defendants are entitled to judgment on all Plaintiff's causes of action, amendment would be futile.  Accordingly, the Court adopts Judge Skomal's recommendation and DENIES Plaintiff's request for leave to amend.

## III.  Plaintiff's Motion for Preliminary Injunction

Plaintiff seeks an order enjoining Defendants from delaying or destroying his legal mail, taking and withholding his legal property and directing "mental physical harm." Motion at 2.  Defendants oppose the motion.

Finding Plaintiff seeks to enjoin parties over which the Court lacks jurisdiction, the California State Prison in Lancaster, and Plaintiff fails to establish a likelihood of success on the merits of his claims, Judge Skomal recommends the motion be denied.

This Court received no objections to the Report.  The Court conducted a *de novo* review, independently reviewing the Report and all relevant papers submitted by the parties, and finds the Report provides a cogent analysis of the issues presented in the motion.  The Court adopts the findings and conclusions and DENIES Plaintiff's motion for a preliminary injunction.

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1.   Plaintiff's objections are **OVERRULED**;

2.   The report and recommendation (Doc. No. 61) is **ADOPTED in its entirety**;

3.   Defendants' motion for summary judgment (Doc. No. 57) is **GRANTED**;

4.   Plaintiff's motion for summary judgment (Doc. No. 43) is **DENIED**;

5.   Plaintiff's motion for leave to amend (Doc. No. 60) is **DENIED**;

6.   The report and recommendation (Doc. No. 58) is **ADOPTED in its entirety**;

7.   Plaintiff's motion for a preliminary injunction (Doc No. 52) is **DENIED**;

8.   The Clerk of Court shall enter judgment in favor of Defendants and terminate the action.

DATED:   March 22, 2017

JOHN A. HOUSTON
United States District Judge

11

11cv01240 JAH - BGS